FILED
SCRANTON
MAR 0 1 2013
PER_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICARDO KNIGHT,
    Plaintiff

v.

DAVID WAPINSKY, ET AL.,
    Defendants

: CIVIL NO. 3:12-CV-2023
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

On October 9, 2012, Plaintiff, Ricardo Knight, an inmate currently confined at the Fayette State Correctional Institution ("SCI-Fayette") in LaBelle, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 naming the Schuykill County Prison ("SCP") as Defendant. (Doc. 1). Plaintiff claimed that while incarcerated at the SCP, he was placed in a three man cell and forced to sleep on the floor. (Id.). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). On November 13, 2012, Magistrate Judge Thomas M. Blewitt issued an Order directing Plaintiff to file an amended complaint because the SCP is not a proper party. (Doc. 8). On November 21, 2012, Plaintiff filed an amended complaint asserting the same claim, but naming as Defendants the following employees of the SCP: Deputy Warden Wapinsky, and Corrections Officers Kayes and Whitman. (Doc. 9). On November 27, 2012, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") concluding that Plaintiff is not eligible for the relief requested and that he failed to state a claim. (Doc. 10). In light of Plaintiff's previous opportunity to amend, the Magistrate Judge recommends that the amended complaint be dismissed with prejudice. (Id.). In lieu of filing objections, on December 14, 2012, Plaintiff filed a second amended complaint against Defendants Wapinsky, Kayes, and Whitman. (Doc. 11). For the reasons set forth below, the R&R will be adopted and both

amended complaints will be dismissed with prejudice.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In light of the second amended complaint and out of an abundance of caution, this Court will apply de novo review to the R&R.

**Background**

Plaintiff's original complaint, naming the SCP as the sole Defendant, alleged:

I was placed in a three man cell
triple celling, under stress, I'm very depressed
sleeping on the floor near toilet, D-Block, E-Block, C-
Block of the Jail. 12-13-11 to 1-11-12
1-13-12 to 1-24-12 at [SCP]

2

(Doc. 1, Statement of Claim). Magistrate Judge Blewitt's Order, which directed Plaintiff to file an amended complaint, advised that the SCP is not a proper Defendant because it is not "person" within the meaning of section 1983. (Doc. 8), citing Phippen v. Nish, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (holding that a state prison is not a person under section 1983). The Order also explained that the original complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure. (Id.), citing FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief").

In the amended complaint, filed on November 21, 2012, Plaintiff's Statement of Claim is almost identical to the original complaint. (Doc. 9). It alleges:

> I was placed in a three man cell
> triple celling, under stress, I'm very depressed
> sleeping on the floor near tolet [sic], E-Block, C- Block
> of the jail from 12-10-11 - 1-10-12
> 1-10-12 to 1-24-12 at [SCP]

(Doc. 9). Instead of the SCP, however, Plaintiff names as Defendants Deputy Warden Wapinsky, and Corrections Officers Kayes and Whitman, employees at the SCP. (Id.). For relief, Plaintiff asks to be compensated for his pain and suffering and for the prison to stop triple celling. (Id.).

Magistrate Judge Blewitt screened the amended complaint pursuant to 28 U.S.C. § 1915, which directs the court to dismiss a complaint that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune. (Doc. 10, p. 5); see also 28 U.S.C. § 1915A. On November 27, 2012, the Magistrate Judge issued an R&R outlining the applicable pleading standards for a section 1983 civil rights action. (Id. at pp. 5-6). Specifically, "Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2)

that the conduct complained of deprived the Plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States." (Id.), citing Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

The R&R also explains the standard of review for a motion to dismiss. (Doc. 10, pp. 6-7). The Magistrate Judge states: "[t]he District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions"; it then determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" (Id.), quoting Reisinger v. Luzerne County, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010) (Conaboy, J.) (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)), affirmed by, 2011 U.S. App. LEXIS 15621 (3d Cir. 2011); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Upon review, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (Id.), citing Guirguis v. Movers Specialty Services, Inc., 346 Fed. Appx. 774, 776 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Applying these standards, Magistrate Judge Blewitt determines that Plaintiff is precluded from seeking money damages for pain and suffering because he does not allege any physical harm. (Doc. 10, pp. 7-8), citing Allah v. Al-Hafeez, 226 F. 3d 247, 251 (3d Cir. 2000) (concluding that the prisoner's claims for compensatory damages are barred by 42 U.S.C. § 1997e). Next, the R&R states that because Plaintiff is no longer confined at the SCP, his request for injunctive relief is moot. (Doc. 10, p. 8), citing Sutton v. Rahseed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). Finally, the Magistrate Judge concludes that Plaintiff fails to state an

4

Eighth Amendment claim because he does not allege the personal involvement of Defendants and, further, that his one-sentence claim does not amount to a constitutional violation. (Doc. 10, pp. 8-14), citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976) (concluding that section 1983 "liability may not be imposed on the traditional standards of respondeat superior"); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010) (Rambo, J.) (rejecting the prisoner's constitutional challenge to double celling and the conditions of confinement). The R&R recommends that Plaintiff's amended complaint be dismissed with prejudice because he was previously given an opportunity to amend. (Doc. 10, p. 14), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (holding that a court should grant leave to amend unless amendment would be inequitable or futile).

Plaintiff did not file objections to the R&R. Instead, on December 14, 2012, Plaintiff filed a second amended complaint. (Doc. 11). In the second amended complaint, Plaintiff alleges that Defendant Wapinsky "failed to move [him] from triple celling even tho [sic] was well aware" and that Defendants Kayes and Whitman placed him "in the three man cell on E-block 12-10-11 so was well aware of my present circumstances. I was under stress, depressed sleeping on the floor near toilet." (Id.).[1] The second amended complaint does not indicate how long Plaintiff was allegedly housed under these conditions. (Id.). Plaintiff requests to be

---

[1] Plaintiff further alleges that Defendants Kayes and Whitman ignored his complaints and failed to provide a grievance form; however, these claims do not state a separate cause of action. See Heleva v. Kramer, 214 Fed. Appx. 244, 247 (3d Cir. 2007) (holding that the "defendants' alleged obstruction of prison grievance procedures does not give rise to an independent claim [because p]risoners do not have a constitutional right to prison grievance procedures"). Moreover, Plaintiff contends that he completed the grievance process and exhausted administrative remedies. See Miller v. Schuylkill County Prison, 2007 U.S. Dist. LEXIS 83495, *3 (M.D. Pa. 2007) (Caldwell, J.) (stating that "a prison's refusal to provide grievance forms in response to an inmate's request may excuse a failure to exhaust administrative remedies").

5

compensated for his pain and suffering and seeks injunctive relief. (Id.).

**Discussion**

Initially, it is noted that an amended complaint supercedes the original complaint. See Gibbs v. Wetzel, 2012 U.S. Dist. LEXIS 163149, *6 (M.D. Pa. 2012) (Caputo, J.) (explaining that because an amended complaint supercedes the original pleading, "all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived"). On November 13, 2012, Magistrate Judge Blewitt specifically advised Plaintiff that his amended complaint must "be complete in all respects", standing "by itself as an adequate complaint without reference to the complaint already filed", and must be "'simple, concise, and direct', as required by the Rules of Civil Procedure." (Doc. 8) (citing FED. R. CIV. P. 8(e)(1)). Accordingly, at the time the R&R was issued, only the first amended complaint, filed November 21, 2012, was pending before Magistrate Judge Blewitt. See Brooks v. Bledsoe, 2012 U.S. Dist. LEXIS 169346, *16 (M.D. Pa. 2012) (Munley, J.) (concluding that the "plaintiff's amended complaint renders the original complaint a nullity").

This Court now faces a more complicated scenario because Plaintiff filed a second amended complaint without permission. Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading **once** as a matter of course" and thereafter requires either the "opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a) (emphasis added). Not only did Plaintiff not have written consent or the Court's permission to file a second amended complaint, there is a recommendation from Magistrate Judge Blewitt to deny leave to amend. (Doc. 10). This Court could reject the second amended complaint as improperly filed, treat it as an objection to the R&R, or consider it as a new amended pleading. If it is screened as

6

a new complaint, then the first amended complaint, like the original complaint, has no legal validity. See Ir. Isle Provision Co. v. Polar Leasing Co., 2012 U.S. Dist. LEXIS 166201, *1-2 (M.D. Pa. 2012) (Conner, J.) (holding that a "third amended complaint renders the second complaint a legal nullity"), citing Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (stating that an "amended complaint supercedes the original version"); 6 Charles Alan Wright Et Al., Federal Practice and Procedure § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Notably, the R&R reminded Plaintiff of the Court's instruction that an amended pleading "be complete in all respects", standing "by itself as an adequate complaint without reference to the complaint already filed", and be "'simple, concise, and direct', as required by the Rules of Civil Procedure." (Doc. 10, p. 3) (citing FED. R. CIV. P. 8(e)(1)). See also Rizzo v. Goode, 423 U.S. 362 (1976); Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.).

After consideration, this Court finds, first, that it is appropriate to address the R&R in the context of the first amended complaint without reliance on the original complaint. See Brooks, 2012 U.S. Dist. LEXIS 169346 at *16. Second, this Court concludes that the second amended complaint should not be treated as an objection to the R&R because it does not challenge the Magistrate Judge's findings; rather, it attempts to satisfy the deficiencies in the first amended complaint outlined by Magistrate Judge Blewitt. See M.D. Pa. L.R. 72.3 (allowing any party to object to an R&R by "specifically identify[ing] the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections"). Third, because leave to amend should be freely given, the second amended complaint will not be dismissed based on Plaintiff's failure to comply with Rule 15. See FED. R. CIV. P. 15(a).

7

Finally, this Court will screen the second amended complaint, independently of the earlier pleadings, to determine if it states a claim upon which relief may be granted. See 28 U.S.C. § 1915; 28 U.S.C. § 1915A.

A. **Claim**

Plaintiff does not state whether he is a pre-trial detainee, a convicted but unsentenced prisoner, or a sentenced prisoner. "The distinction is important because conditions of confinement claims brought by pre-trial detainees [and unsentenced defendants] are considered under the Fourteenth Amendment, while such claims brought by convicted prisoners are considered under the Eighth Amendment." Wagner v. Algarin, 2010 U.S. Dist. LEXIS 133433, *9 (E.D. Pa. 2010) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Hubbard v. Taylor, 399 F.3d 150, 166-67 (3d Cir. 2005)). "Due process[, under the Fourteenth Amendment,] requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." Id. "To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component." Brown v. Merline, 2007 U.S. Dist. LEXIS 44610, *10-15 (D.N.J. June 18, 2007) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Although the Magistrate Judge addresses Plaintiff's claims under the Eighth Amendment, this Court will also consider whether Plaintiff states a Fourteenth Amendment violation.

Importantly, "the Constitution does not mandate comfortable prisons." Rhodes v.

8

Chapman, 452 U.S. 337, 349 (1981). There is no "constitutional right to be free from the use of floor mattresses." Hubbard v. Taylor, 538 F.3d 229, 236, n.6 (3d Cir. 2008) (holding that under the totality of the circumstances, the pretrial detainees were not unconstitutionally punished in violation of the Fourteenth Amendment by being triple-celled and forced to sleep on floor mattresses for three to seven months), citing Union County Jail Inmates v. Di Buono, 713 F.2d 984, 987 (3d Cir. 1983); Lindsey v. Shaffer, 411 Fed. Appx. 466, 467-68 (3d Cir. 2011) (concluding that the prisoner's section 1983 claim that he was subjected to cruel and unusual punishment when forced to sleep on a mattress on the floor of his cell for six to seven weeks lacked merit because there was no evidence that this practice deprived him of a sanitary living environment or caused him harm). The prison's failure to provide a mattress, alone, also does not establish a constitutional violation. See Williams v. Campbell, 2008 U.S. Dist. LEXIS 56317, *10 (E.D. Pa. 2008) (concluding that because the "plaintiff was deprived of a mattress for at most five days, and because plaintiff has not alleged any injury resulting from this deprivation of a mattress, the ... plaintiff cannot establish a constitutional violation on the basis of this deprivation"); Lane v. Culp, 2007 U.S. Dist. LEXIS 100423, *10-12 (W.D. Pa. 2007) (holding that "the failure to provide [the inmate] with bedding for seven days [does not] rise[] to the level of a constitutional violation because of the short time he was housed in the 'strip cell' and because he suffered no serious physical harm").

Magistrate Judge Blewitt determines that the amended complaint fails to aver that Plaintiff was denied a floor mattress, or that his cell conditions were unsanitary or unsafe. (Doc. 10, p. 13). Further, Plaintiff does not claim that he suffered any harm. (Id.). In the second amended complaint, Plaintiff again fails to make such allegations. See (Doc. 11).

Additionally, double and triple celling are not per se unconstitutional. See Hubbard, 538 F.3d at 238 (holding that the courts should apply a totality of the circumstances test to determine whether triple celling in a particular case violates the Fourteenth Amendment); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996) (explaining that "double celling can amount to an Eighth Amendment violation [only] if combined with other adverse conditions"). "[A]bsent allegations that the alleged triple and quadruple-celling of inmates caused 'deprivations of essential food, medical care, or sanitation,' 'increase[d] violence among inmates' or created other 'intolerable conditions' such triple and quadruple-celling of inmates does not by itself violate the Eighth Amendment". Wagner, 2010 U.S. Dist. LEXIS 133433 at *11, quoting Rhodes v. Chapman, 452 U.S. 337, 348 (1981).

The Magistrate Judge finds that Plaintiff admits that he was placed in a three man cell, not that he was triple celled by being housed in a cell designed for only one or two inmates. (Doc. 10, p. 13). Magistrate Judge Blewitt explains that Plaintiff has no constitutional right to be housed in a one man cell, which is what Plaintiff requested in his grievance to prison staff. (Id.), citing Johnson v. DHO Chambers, 2012 U.S. App. LEXIS 13023, *6-7 (3d Cir. 2012) (affirming the district court's decision to grant the defendants' summary judgment motion on the prisoner's challenge to being double celled for an unspecified length of time, and holding that the prisoner's "treatment ... did not run afoul of either the Due Process Clause or the Eighth Amendment's proscription against cruel and unusual punishment").

According to his first amended complaint, Plaintiff was under stress, depressed, and sleeping on the floor near the toilet while housed on two different housing blocks over a period of six (6) weeks. (Doc. 9). In the second amended complaint, Plaintiff refers to his placement on

E-block on 12-10-11 but makes no mention of being housed on a separate block or to the length of his confinement. (Doc. 11). Assuming arguendo that Plaintiff was being triple celled and forced to sleep directly on the concrete floor for approximately six weeks, without allegations that the conditions were unsafe or unsanitary or that Plaintiff suffered any resulting harm, there is no constitutional violation. See Ryan v. Burlington County, 889 F.2d 1286, 1292-93 (3d Cir. 1989) ("[A]lthough double-bunking was uncomfortable and restrictive, it could not be said to be punishment."), citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979); Harrison v. Bledsoe, 2009 U.S. Dist. LEXIS 123038, *14-15 (M.D. Pa. 2009) (Smyser, M.J.) (dismissing the prisoner's claim that double celling caused tension and stress because he did not suffer, nor was he placed in imminent danger of, a substantial injury), adopted by, 2010 U.S. Dist. LEXIS 2467 (M.D. Pa. 2010) (Connor, J.). Accordingly, this Court concludes, as did Magistrate Judge Blewitt, that Plaintiff fails to state a cognizable constitutional claim in the first amended complaint. This Court also finds the second amended complaint to be lacking.

Next, Magistrate Judge Blewitt determines that Plaintiff fails to allege the personal involvement of any Defendant in his amended complaint. (Doc. 10, p. 8). The Magistrate Judge states, "[i]t is well established that personal liability in a civil rights action cannot be imposed upon a prison official based on a theory of respondeat superior." (Id. at p. 9) (citing Rizzo v. Goode, 423 U.S. 362 (1976)). The R&R details the showing a plaintiff must make to establish personal involvement. (Id.) (quoting O'Connell v. Sobina, 2007 U.S. Dist. LEXIS 98780, *59 (W.D. Pa. 2007), adopted by, 2008 U.S. Dist. LEXIS 2467 (W.D. Pa. 2008)). After review, this Court agrees with the Magistrate Judge that the first amended complaint is completely devoid of any factual allegations of personal direction or actual knowledge and acquiescence in the alleged

wrongs. See id.

In the second amended complaint, filed after the R&R was issued, Plaintiff alleges that Defendant Warden Wapinsky failed to move him from "triple celling" and that Defendants Kayes and Whitman placed him in "the three man cell", making all Defendants "well aware" of his circumstances. (Doc. 11). As to Defendant Wapinsky, Plaintiff does not allege how and when the Warden was advised of the housing situation. The second amended complaint does not claim that Defendant Wapinsky knew of any unsanitary conditions or risk of harm to Plaintiff. See Cranshaw v. Smeal, 2012 U.S. Dist. LEXIS 56869, *23 (M.D. Pa. Apr. 20, 2012) (Nealon, J.) (holding that "the submission of correspondence to Defendant ... is insufficient to show the actual knowledge necessary for personal involvement"), citing Rode, 845 F.2d at 1208. Importantly, a prisoner's allegations of personal involvement must be "factual and particular." See Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *31-32 (M.D. Pa. 2012) (Caputo, J.) (dismissing the prisoner's claims against a prison supervisor, who allegedly "knew of or was deliberately indifferent to knowing of unconstitutional policies, practices, and customs", for lack of personal involvement because the prisoner's allegations were "broad, vague, and conclusory"). Further, a prison official cannot be deemed liable for simply failing to respond to an inmate's grievances or request for a cell transfer. See Griffin v. Williams, 2011 U.S. Dist. LEXIS 88524, *12-15 (M.D. Pa. 2011) (Rambo, J.) (dismissing for lack of personal involvement a prison official who allegedly failed to respond to the prisoner's complaints and request for a cell transfer). Consequently, this Court concludes that the second amended complaint does not specifically plead the personal involvement of Defendant Wapinsky.

Plaintiff's allegations in the second amended complaint against Defendants Kayes and

Whitman are also insufficient. "In order to set forth a plausible claim under section 1983, plaintiff must allege what role each ... defendant played in the alleged deprivation of his constitutional rights." Wagner, 2010 U.S. Dist. LEXIS 133433 at *15. Despite Plaintiff's allegation that these Defendants made his cell assignment on December 10, 2011, and Plaintiff's broad claim that Defendants were "well aware of my present circumstances", the second amended complaint contains no allegations that Defendants' actions constituted punishment, that Defendants knew of any unsanitary conditions, or that they knowingly placed Plaintiff in substantial risk of harm. See Iqbal, 556 U.S. at 677-78 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Lane, 2007 U.S. Dist. LEXIS 100423 at *10-12 (finding that the inmate did not satisfy the subjective standard of the Farmer test because he did not show that the defendants were motivated by ill will). Therefore, the second amended complaint fails to establish the personal involvement of Defendants Kayes and Whitman.

In sum, this Court agrees with Magistrate Judge Blewitt that the first amended complaint fails to state a constitutional claim or allege the personal involvement of any Defendant. Similarly, the second amended complaint does not plead a claim upon which relief may be granted and does not allege sufficient facts to show the personal involvement of Defendants Wapinsky, Kayes, or Whitman. Both amended complaints will be dismissed.

**B.    Damages**

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); See

13

Martinez v. United States, 2012 U.S. Dist. LEXIS 129809, 29-30 (M.D. Pa. 2012) (Mannion, M.J.) (recommending that the motion to dismiss the prisoner's claim for compensatory damages be granted because he did not allege any physical injury attributable to emotional distress from the defendants' actions), adopted by, 2012 U.S. Dist. LEXIS 129815 (M.D. Pa. 2012) (Caldwell, J.) (citing Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003)). "[T]he law is clear that an inmate cannot recover for emotional injury if no physical harm is stated." Morales v. Beard, 2011 U.S. Dist. LEXIS 78308, *19 n.9 (M.D. Pa. 2011) (Blewitt, M.J.), adopted by, 2011 U.S. Dist. LEXIS 78303 (M.D. Pa. 2011). Accordingly, this Court agrees with Magistrate Judge Blewitt that absent an allegation of physical injury, Plaintiff cannot obtain compensatory damages. See Allah, 226 F. 3d 247, 251 (concluding that mental and emotional distress cannot support a claim for compensatory damages).

The Magistrate Judge correctly determines that the amended complaint does not allege any physical harm to Plaintiff. (Doc. 10, p. 7). The second amended complaint also fails to describe any physical injuries to Plaintiff. Assuming arguendo, that Plaintiff stated a claim upon which relief may be granted in either his amended complaint or second amended complaint, he cannot be awarded compensatory damages.

Finally, Magistrate Judge Blewitt concludes that Plaintiff's request for injunctive relief is moot because he is no longer confined at the SCP, nor is there any likelihood of his return. (Doc. 10, p. 8), citing Johnson v. Wenerowicz, 440 Fed. Appx. 60, 62 (3d Cir. 2011) (holding that the prisoner's "requests for injunctive and declaratory relief against the named DOC defendants were rendered moot by his transfer" to another prison). This Court agrees. See Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (Vanaskie, J.) (concluding that a prisoner's "transfer to

another institution moots any claims for injunctive or declaratory relief"). Plaintiff's requests for injunctive relief, in both his first amended complaint and second amended complaint, will be dismissed as moot.

**Conclusion**

After de novo review, this Court will adopt Magistrate Judge Blewitt's findings and recommendations as to the first amended complaint. Specifically, Plaintiff's one sentence claim for relief does not state a constitutional violation and there are no allegations of personal involvement by any Defendant. This Court has independently screened the second amended complaint and concludes that Plaintiff has again failed to state a claim upon which relief may be granted and that his allegations of personal involvement are insufficient.[2] Moreover, because Plaintiff fails to claim that he suffered any physical harm, he is not eligible for compensatory damages. Due to Plaintiff's transfer to SCI-Fayette, he is also ineligible for injunctive relief.

In light of the fact that Magistrate Judge Blewitt previously afforded Plaintiff an opportunity to amend his original complaint, the R&R finds that it would be futile to allow Plaintiff to file a second amended complaint. (Doc. 10, p. 14), citing Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir. 2002) (holding, "in forma pauperis plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) (same). Plaintiff's second amended complaint, filed without leave of Court, confirms Magistrate Judge Blewitt's determination. This Court will dismiss both amended complaints with prejudice.

---

[2] Even if the second amended complaint is viewed in conjunction with the first amended complaint, Plaintiff fails to state a cognizable claim.

15

A separate Order will be issued.

_[signature]_

Date: March 1, 2013

**United States District Judge**